UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LARRY NEVERS,

                Petitioner,

v.                                             Case No. 05-CV-71316-DT

PATRICIA CARUSO
and KYM L. WORTHY,

                Respondents.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION**

On April 5, 2005, Petitioner Larry Nevers filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner attacks his state conviction for manslaughter. The court has concluded, for the reasons stated below, that the petition must be dismissed for failure to establish the "in custody" element of the habeas statute. 28 U.S.C. § 2254(a).

**I. BACKGROUND**

Petitioner was charged in Wayne County, Michigan with second-degree murder. The charge arose from the fatal beating of Malice Green on November 5, 1992. A circuit court jury found Petitioner guilty as charged, and the conviction was affirmed on appeal. *See People v. Nevers*, No. 170478 (Mich. Ct. App. Mar. 22, 1995); *People v. Nevers*, 456 Mich. 77; 566 N.W.2d 229 (1997).

Subsequently, Petitioner filed a federal petition for the writ of habeas corpus, which United States District Judge Lawrence P. Zatkoff granted. *See Nevers v.*

*Killinger*, 990 F. Supp. 844 (E.D. Mich. 1997). The state appealed and the United States Court of Appeals for the Sixth Circuit affirmed Judge Zatkoff's decision. *Nevers v. Killinger*, 169 F.3d 352 (6th Cir. 1999). The United States Supreme Court denied the prosecutor's application for a writ of certiorari. *Killinger v. Nevers*, 527 U.S. 1004 (1999).

Petitioner was then retried in state court for second-degree murder. On April 18, 2000, a jury found him guilty of the lesser offense of involuntary manslaughter, MICH. COMP. LAWS § 750. 321. On May 16, 2000, the trial court sentenced Petitioner to imprisonment for seven to fifteen years with credit for 1,543 days already served.

Petitioner alleges that he raised his habeas claims on a direct appeal as of right, where the Michigan Court of Appeals reversed his conviction on the ground that the trial court had improperly instructed the jury on involuntary manslaughter. *See People v. Nevers*, No. 227401 (Mich. Ct. App. Mar. 6, 2003). The prosecutor appealed the decision, and on September 11, 2003, the Michigan Supreme Court reversed the appellate court's judgment and remanded the case for consideration of Petitioner's remaining appellate issues. *See People v. Nevers*, 668 N.W.2d 909 (Mich. Sup. Ct. Sept. 11, 2003) (table).

On remand, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, *per curiam* opinion. *See People v. Nevers*, No. 227401 (Mich. Ct. App. Dec. 4, 2003). The Michigan Supreme Court subsequently denied leave to appeal. *See People v. Nevers*, 471 Mich. 867; 683 N.W.2d 674 (2004) (table).

Petitioner filed the pending habeas corpus petition on April 5, 2005, asserting the following grounds for relief:

I.  The trial court erred by instructing the jurors, over Defendant's objection, as to the cognate lesser included offense of involuntary manslaughter.

II. The trial court denied Defendant his right to present a defense by excluding substantial relevant and material evidence which would have supported Defendant's theory of the case.

III. Defendant was denied his rights to due process and a fair trial as a result of the prosecutor's misconduct.

## II.  DISCUSSION

Petitioner is no longer incarcerated, and habeas relief is available only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner avers that he "successfully completed parole and [was] discharged from his sentence on October 30, 2003."  (Pet. at ¶ 3.)  Petitioner filed his application and petition on April 5, 2005, after he was admittedly no longer in the custody of the Michigan Department of Corrections.  (*Id.*)  This raises a preliminary question as to whether Petitioner can meet the statutory "in custody" requirement found in 28 U.S.C. § 2254.

### A.  The "In Custody" Requirement

The writ of habeas corpus is available to test the constitutionality of a state conviction if the petitioner was in custody when he applied for the writ, but was released before a court could adjudicate his claims.  *Sibron v. New York*, 392 U.S. 40, 51 (1968) (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)).  "Thus mere release of the prisoner does not mechanically foreclose consideration of the merits by this Court."  *Id.*; *see*

3

*Maleng v. Cook*, 490 U.S. 488, 491 (1989) (pointing out that the "in custody" language does not require a habeas petitioner to be physically confined in order to challenge his sentence). "[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron*, 392 U.S. at 57. Collateral consequences of the petitioner's conviction, such as his inability to vote, engage in certain businesses, hold public office, or serve as a juror prevent a case from being moot. *Carafas v. LaVallee*, 391 U.S. at 237-38.

However, a habeas petitioner must be "'in custody' under the conviction or sentence under attack *at the time his petition is filed.*" *Maleng v. Cook,* 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. at 238) (emphasis added); *see also Clemons v. Mendez*, 121 F. Supp. 2d 1101,1103 (E.D. Mich. 2000) ("[W]here the state court sentence for the challenged conviction has completely expired, a petitioner is no longer 'in custody' for § 2254 purposes."). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001)).

Whether a habeas case is *moot* is a separate issue from whether a habeas petitioner satisfies the *"in custody"* requirement of the statute. Collateral consequences of a conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas challenge. As the Supreme Court explained in *Maleng*,

4

> We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.  Indeed, our decision in *Carafas v. LaVallee, supra,* strongly implies the contrary.  In *Carafas,* the petitioner filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief below was pending before this Court.  The State argued that the unconditional discharge rendered the case moot.  We rejected this argument, holding that the "collateral consequences" of the petitioner's conviction--his inability to vote, engage in certain businesses, hold public office, or serve as a juror--prevented the case from being moot.  *Id.,* 391 U.S., at 237-238, 88 S.Ct., at 1559.  We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement.  *Id.,* at 238, 88 S.Ct., at 1559-1560.  While we ultimately found that requirement satisfied as well, we rested that holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed.  *Ibid.*  The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

*Maleng*, 490 U.S. at 491-92.

### B.  Restraints on Liberty

Petitioner alleges that he has successfully completed parole and was discharged from his sentence on October 30, 2003.  (Pet. at ¶ 3.)  He concedes that he is no longer in the custody of the Michigan Department of Corrections.  (*Id.*)  He nevertheless asserts that his status as a convicted felon poses significant collateral consequences.

The Supreme Court has explained that

> [t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are

neither severe nor immediate.

*Hensley v. Municipal Ct.*, 411 U.S. 345, 351 (1973)). "[T]he federal court 'precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty – that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement.'" *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002) (quoting *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998)).

The only collateral consequence alleged here is the inability to litigate a civil rights action. Petitioner alleges that United States District Judge Avern Cohn dismissed his prior civil rights complaint without prejudice and that he cannot proceed with a civil rights action unless his underlying conviction or sentence has been invalidated.

A prisoner cannot recover money damages in a civil rights action for allegedly unconstitutional conviction or imprisonment unless he proves that his conviction or sentence has been invalidated by state officials or impugned on federal review by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, a § 1983 action for damages need not "always and everywhere be available." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Moreover, in the cases cited by Petitioner to support the contention that his inability to litigate a civil rights action provides an exception to the mootness doctrine, the habeas petitioners were "in custody" when they filed their habeas petitions. *See Leonard v. Nix*, 55 F.3d 370, 372 (8th Cir. 1995) ("A petition for habeas corpus *must be filed* while the petitioner is in custody.") (emphasis added); *Russ v. Perrill*, 995 F.2d 1001 (10th Cir. 1993) (habeas petition filed by parolee).

Petitioner's alleged inability to obtain relief in a civil rights action is analogous to

the collateral consequence of losing one's civil rights.  The claimed consequence of his conviction is not the kind of severe restraint on individual liberty contemplated by federal court precedents.

### III.  CONCLUSION

Petitioner has not satisfied the "in custody" requirement of 28 U.S.C. § 2254 in that his sentence was fully served before he filed his habeas petition.  Therefore, the court lacks jurisdiction to consider Petitioner's habeas claims under § 2254.  *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990).  The application for a writ of habeas corpus [Dkt. # 1] is summarily DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.


    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 13, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 13, 2005, by electronic and/or ordinary mail.

    s/Lisa G. Teets  
Case Manager and Deputy Clerk  
(313) 234-5522