**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

LARRY NEVERS,

        Petitioner,

v.                                                Case No. 05-CV-71316-DT

PATRICIA CARUSO
and KYM L. WORTHY,

        Respondents.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Larry Nevers has appealed the court's order summarily dismissing his *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The court dismissed the habeas petition on the ground that Petitioner had not satisfied the "in custody" element of the habeas statute. 28 U.S.C. § 2254(a).

The court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "[A] prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

The habeas petition attacks Petitioner's state conviction for manslaughter. The grounds for relief assert that --

I. the trial court erred by instructing the jurors, over Defendant's objection, as to the cognate lesser included offense of involuntary manslaughter;

II. the trial court denied Defendant his right to present a defense by excluding substantial relevant and material evidence which would have supported Defendant's theory of the case; and

III. Defendant was denied his rights to due process and a fair trial as a result of the prosecutor's misconduct.

The court did not assess the merits of these claims in its order of dismissal. Instead, the court determined that it lacked jurisdiction because Petitioner's sentence was fully served before he filed his habeas petition and because he had not satisfied the "in custody" requirement of 28 U.S.C. § 2254(a). Reasonable jurists would not debate whether the court was correct in its procedural ruling and whether the petition states a valid claim of the denial of a constitutional right. Accordingly, the court DENIES Petitioner a certificate of appealability.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: July 7, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 7, 2005, by electronic and/or ordinary mail.

                                                          S/Lisa G. Teets
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522